UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY ALLEGA CEMENT CONTRACTOR, INC., | ) ) ) | CASE NO.1:07CV1214 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| CITY OF CLEVELAND, ET AL., | ) ) | OPINION AND ORDER |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiff Anthony Allega Cement Contractor, Inc.'s ("Allega") Motion for Temporary Restraining Order. For the following reasons, the Court denies Plaintiff's Motion and dismisses Plaintiff's Verified Complaint as it presents no case or controversy cognizable under Federal Court jurisdiction.

"Under Article III, § 2, of the Constitution, the federal courts have jurisdiction over this dispute between appellants and appellees only if it is a "case" or "controversy." This is a 'bedrock requirement.'" *Raines v. Byrd*, 521 U.S. 811, 818 (1997) quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).

"Ripeness requires that the 'injury in fact be certainly impending.'" *National Rifle Ass'n. Of America v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997), quoting *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir.1996). "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review." *National Rifle Ass'n* at 280 citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, (1967), overruled on other grounds, *Califano v. Sanders*, 430 U.S. 99, 105 (1977). "[T]he alleged injury must be legally and judicially cognizable, *Raines v. Byrd*, 521 U.S. 811, 819 (1997). Plaintiff must have suffered "an invasion of a legally protected interest which is... concrete and particularized." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff's claims must be those "traditionally thought to be capable of resolution through the judicial process," *Flast v. Cohen*, 392 U.S. 83, 97 (1968) and "is currently fit for judicial review." *National Rifle Ass'n*, at 280.

Until the City of Cleveland acts in an official capacity regarding the determination of the lowest and best bidder, and until Debra Linn Talley, Director of the Cleveland Office of Equal Opportunity, makes her factual finding regarding Allega's compliance or non-compliance with Chapter 187 of the Codified Ordinances of Cleveland, any decision by this Court, including addressing Constitutional issues, would be advisory and therefore, prohibited.

Therefore, Plaintiff's Motion is denied as premature and the Court dismisses the Verified Complaint for lack of jurisdiction.

IT IS SO ORDERED.

4/25/07
Date

Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

FILED
APR 25 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND